## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

WILLIE G. POWELL,

      Petitioner,

                            CASE NO. 2:13-CV-12404
v.                            HONORABLE ARTHUR J. TARNOW
                            UNITED STATES DISTRICT JUDGE

T.A. TERRIS,

      Respondent.

_____/

### OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241

      Willie G. Powell, ("Petitioner"), confined at the Federal Correctional Institution in Milan, Michigan ("FCI-Milan"), seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his *pro se* application, petitioner challenges his federal conviction for possession of firearms in the furtherance of drug trafficking, 18 U.S.C. § 924(c)(1)(A). For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DENIED.**

### I. Background

      On October 3, 2007, petitioner was convicted in the United States District Court for the Southern District of Ohio of one count of conspiracy to distribute cocaine and one count of possession of firearms in the furtherance of drug trafficking. On April 10, 2008, petitioner was sentenced to two hundred and thirty five months in prison on the cocaine conviction and received a consecutive sixty month sentence on the firearms conviction. By his own admission, petitioner never filed a direct appeal with the United

1

*Powell v. Terris,* No. 2:13-CV-12404

States Court of Appeals for the Sixth Circuit nor has he filed a post-conviction motion to

vacate sentence pursuant to 28 U.S.C. § 2255 with the district court that sentenced him.

Petitioner has now filed a petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2241, in which he seeks relief on the following ground:

> Petitioner Powell argues that his count three § 924(c)(1)(A) conviction is
> for a non-existence offense and must be vacated because he his not
> charged with a federal crime in the case at bar.

## II.  Discussion

A petition for a writ of habeas corpus must set forth facts that give rise to a cause

of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,*

157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Federal courts are also authorized to

dismiss any habeas petition that appears legally insufficient on its face. *McFarland v.*

*Scott,* 512 U.S. 849, 856 (1994).  A federal district court is authorized to summarily

dismiss a habeas corpus petition if it plainly appears from the face of the petition or the

exhibits that are attached to it that the petitioner is not entitled to federal habeas relief.

*See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254

Cases, Rule 4, 28 U.S.C. foll. § 2254.  The Sixth Circuit, in fact, long ago indicated that

they "disapprove the practice of issuing a show cause order [to the respondent] until

after the District Court first has made a careful examination of the petition." *Allen v.*

*Perini,* 424 F. 3d 134, 140 (6th Cir. 1970).  A district court therefore has the duty to

screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141.  No

return to a habeas petition is necessary when the petition is frivolous, or obviously lacks

merit, or where the necessary facts can be determined from the petition itself without

2

*Powell v. Terris,* No. 2:13-CV-12404

consideration of a return by the state. *Id.* Courts have used Rule 4 of the habeas

corpus rules to summarily dismiss facially insufficient habeas petitions brought under §

2241. *See e.g. Perez,* 157 F. Supp. 2d at 796(additional citations omitted). Because the

instant petition is facially insufficient to grant habeas relief, the petition is subject to

summary dismissal. *Id.*

      In his habeas application, petitioner asks this Court to vacate his conviction for

possession of firearms in the furtherance of drug trafficking because the indictment

omitted an element of the offense, namely, that the underlying drug trafficking crime

was one "for which a person may be prosecuted in a court of the United States."

      A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. §

2241 is proper where the inmate is challenging the manner in which his sentence is

being executed. *Capaldi v. Pontesso,* 135 F. 3d 1122, 1123 (6th Cir. 1998). However, a

motion to vacate sentence under § 2255 is the proper avenue for relief as to a federal

inmate's claims that his sentence was imposed in violation of the federal constitution or

laws. *Id.*

      A federal prisoner may bring a claim challenging his conviction or the imposition

of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under §

2255 is inadequate or ineffective to test the legality of the defendant's detention. *See*

*Wooten v. Cauley,* 677 F. 3d 303, 307 (6th Cir. 2012). Habeas corpus is not an

additional, alternative, or supplemental remedy to the motion to vacate, set aside, or

correct the sentence. *See Charles v. Chandler*, 180 F. 3d 753, 758 (6th Cir. 1999). The

burden of showing that the remedy afforded under § 2255 is inadequate or ineffective

*Powell v. Terris,* No. 2:13-CV-12404

rests with the petitioner and the mere fact that a prior motion to vacate sentence may

have proven unsuccessful does not necessarily meet that burden. *In Re Gregory*, 181

F. 3d 713, 714 (6th Cir. 1999).  The remedy afforded under § 2255 is not considered

inadequate or ineffective simply because § 2255 relief has already been denied, or

because the petitioner has been procedurally barred from pursuing relief under § 2255,

or because the petitioner has been denied permission to file a second or successive

motion to vacate sentence. *Wooten v. Cauley,* 677 F 3d at 303, *Charles v. Chandler,*

180 F. 3d at 756.  Thus, the mere fact that the provisions of the Antiterrorism and

Effective Death Penalty Act (AEDPA) might prevent a petitioner from filing a second or

successive motion to vacate or set aside the sentence, in the absence of newly

discovered evidence or a new rule of constitutional law, would not render the remedy

provided by such motion inadequate or ineffective to allow him to petition for habeas

corpus relief under 28 U.S.C. § 2241. *Hervey v. United States*, 105 F. Supp. 2d 731,

733 (E.D. Mich. 2000).  Similarly, a habeas petitioner's § 2255 remedy is not inadequate

merely because the petitioner permitted the AEDPA's one year statute of limitations to

expire. *Charles,* 180 F. 3d at 758.

The circumstances under which a motion to vacate sentence brought pursuant to

§ 2255 might be deemed inadequate and ineffective so as to permit relief via a writ of

habeas corpus under § 2241 are narrow, as the "liberal allowance" of the writ would

defeat the restrictions placed on successive petitions or motions for collateral relief

imposed by the AEDPA. *United States v. Peterman*, 249 F. 3d 458, 461 (6th Cir. 2001).

To date, no federal circuit court has permitted a post-AEDPA petitioner who was not

4

*Powell v. Terris,* No. 2:13-CV-12404

effectively making a claim of "actual innocence" to use § 2241 (via § 2255's savings clause) as a way of circumventing § 2255's restriction on the filing of a second or successive motion to vacate sentence. *Charles v. Chandler,* 180 F. 3d at 757.

In the present case, petitioner contends that the indictment was defective with respect to his firearms conviction.  Petitioner's claim that the indictment in his criminal case was defective constitutes a challenge to his conviction that should be brought in a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the absence of a showing by petitioner that this remedy is inadequate or ineffective to challenge his conviction. *See Moreno v. Snyder,* 44 Fed. Appx. 688, 689-90 (6th Cir. 2002).

Petitioner is unable to show that his post-conviction remedy under § 2255 is inadequate or ineffective, so as to permit him to challenge his conviction by means of a § 2241 habeas petition, because petitioner has never attempted to file a § 2255 motion to vacate sentence before the judge who sentenced him.  An inmate convicted of a federal crime cannot claim that the post-conviction remedies that are available to him under § 2255 are inadequate or ineffective until he has unsuccessfully attempted to obtain post-conviction relief by filing a § 2255 motion. *See e.g. Capaldi,* 135 F. 3d at 1124; *See also Copeland v. Hemingway,* 36 Fed. Appx. 793, 794-95 (6th Cir. 2002).

Petitioner argues that his remedy under 28 U.S.C. § 2255 is inadequate because he cannot satisfy the "in custody" requirement for filing a § 2255 motion to vacate sentence with respect to his firearms conviction because the sentence on that conviction was ordered to be served consecutively to his cocaine conviction.

*Powell v. Terris,* No. 2:13-CV-12404

A criminal defendant who is serving consecutive sentences is "in custody" under any one of them for purposes of bringing a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *See U.S. v. Hillary,* 106 F. 3d 1170, 1172 (4th Cir. 1997); *U.S. v. Bustillos,* 31 F. 3d 931, 933 (10th Cir. 1994); *Simmons v. U.S.,* 437 F. 2d 156, 158 (5th Cir. 1971). Because petitioner's firearms conviction under § 924(c)(1)(A) is consecutive to the sentence for the cocaine conviction that petitioner is currently serving, petitioner satisfies Section 2255's "in custody" requirement with respect to his firearms conviction. *Hillary,* 106 F. 3d at 1172. Thus, petitioner has failed to establish that his remedy under § 2255 is inadequate or ineffective to challenge his firearms conviction.

Finally, petitioner's claim that the indictment failed to charge an offense does not come within the actual innocence exception that would allow him to challenge his federal firearms conviction through a petition for writ of habeas corpus. *See e.g. Enigwe v. Bezy,* 92 Fed. Appx. 315, 316-17 (6th Cir. 2004).

Without any allegation that his remedy under § 2255 is inadequate or ineffective, petitioner is not entitled to habeas relief from his criminal conviction and sentence pursuant to 28 U.S.C. § 2241. Moreover, this Court cannot construe this petition as a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. *In re Shelton*, 295 F. 3d 620, 622 (6th Cir. 2002).

*Powell v. Terris,* No. 2:13-CV-12404

### III.  ORDER

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **SUMMARILY DENIED.**  This dismissal is without prejudice to Petitioner filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255 with the United States District Court for the Southern District of Ohio.   Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.


                    S/Arthur J. Tarnow
                    Arthur J. Tarnow
                    Senior United States District Judge

Dated: June 17, 2013


I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on June 17, 2013, by electronic and/or ordinary mail.

                    S/Catherine A. Pickles
                    Judicial Assistant

7